GARSAUD, Judge.
This is an appeal from a judgment for defendant resulting from a jury verdict which found contributory negligence on the part of Donna Loraso, the minor daughter of the plaintiff, Augustine Loraso. ' Plaintiff had sued individually and on behalf of her minor daughter, Donna, to recover damages for personal injuries suffered by her daughter, as well as for property damages, all resulting from a two-car collision in the customer parking lot of the Westside Shopping Center in Gretna, Louisiana.
Plaintiff alleges as error the failure of the trial court to include a special interrogatory for submission to the jury relative to the necessity that contributory negligence be a proximate cause of the accident and further alleges error in the finding that plaintiff, Donna Loraso, was contributorily negligent in the operation of her vehicle.[1]
There are only two issues to be resolved: (1) whether the failure of the trial court to give the special interrogatory amounted to reversible error; and (2) whether the finding of the trier of facts is supported by the evidence.
As we believe there is no manifest error in the jury’s conclusion that the plaintiff’s actions constituted contributory negligence causing the accident,[2] the only viable issue remains the question of the failure of the trial court to give the special interrogatory as requested. Canter v. Koehring Company, 283 So.2d 716 (La.1973). Dyson v. Gulf Modular Corp., 338 So.2d 1385 (La.1976).
The special interrogatories submitted to the jury, from which the requested interrogatory was omitted, were as follows:
“We, the jury in the above-entitled and numbered cause, find that the answers to the interrogatories submitted to us by the Court are as follows:
INTERROGATORY 1
Was defendant, Melrose Albritton, negligent?
YES_NO_
If your answer is “NO,” you will return a verdict for defendants.
If your answer is “YES,” you will have a second question to answer, namely:
INTERROGATORY 2
Was the negligence of defendant Mel-rose Albritton a proximate cause of the accident?
YES_NO_
If your answer is “NO,” you will return a verdict for defendants.
If your answer is “YES,” you will have a third question to answer, namely:
INTERROGATORY 3
Was Donna Loraso contributorily negligent?
YES_NO_
If your answer is “YES,” you will return a verdict for defendants.
If your answer is “NO,” you will return a verdict for plaintiffs and will then find the amount of their damages.
JURY VERDICT
We, the jury in the above-entitled and numbered cause find for the plaintiff, Mrs. Augustine M. Loraso, individually and as natural tutrix of her minor daughter, Donna Loraso and assess damages at_DOLLARS ($ );
OR
Check box if applicable:
We the jury find for the defendants. () GRETNA, LOUISIANA, this 25 day of October. 1976.”
*232 Plaintiff contends that a fourth interrogatory should have been included to ask if the negligence of plaintiff was also a proximate cause of the accident. Conceding that the omission may have been improper, it is necessary nevertheless to determine whether the omission was prejudicial error. Lauro v. Travelers Insurance Co., 261 So.2d 261 (4th Cir. 1972), writs denied 262 La. 188, 262 So.2d 787 (1972).
Prejudicial error regarding the omission could occur in this case only if the jury had reason to believe a verdict for defendant was returnable on the sole finding of plaintiff’s contributory negligence. The record will show clearly, however, that the jury did not act on that limited belief. The trial court had specifically instructed it otherwise. In his charge to the jury, the trial judge noted several times the necessity of finding that plaintiff’s negligence was also a proximate cause of the accident. Specifically, he charged:
“Contributory negligence is fault on the part of a person injured which cooperates in some degree with the negligence of another and so helps to bring about the injury. By the defense of contributory negligence the defendant, in effect, alleges that even though the defendant may have been guilty of some negligent act or omission which was one of the proximate causes the plaintiff herself by her own failure to use ordinary care under the circumstances for her own safety at the time and place in question also contributed one of the proximate causes of any injuries and damages plaintiff may have suffered.
The burden is on a defendant alleging the defense of contributory negligence to establish by a preponderance of the evidence in the case the claim that the plaintiff herself was also at fault and that such fault contributed as one of the proximate causes of any injuries and consequent damages plaintiffs may have sustained.
The issues to be determined by the jury in this case are these: First, was the defendant negligent. If your answer to that question is no, you will return a verdict for the defendant. If your answer is yes, you then have a second issue to determine. Namely, second, was the negligence of the defendant a proximate cause of any injury or damage to the plaintiff. If your answer to that question is no, you will return a verdict for the defendant but if your answer is yes, then you must find the answer to the third question, namely, third, was the plaintiff guilty of any contributory negligence. If you should find that she was not then having found in the plaintiff’s favor in answer to the first two questions, you must find the amount of plaintiffs’ damages and return a verdict in the plaintiffs’ favor in that amount. On the other hand if you find from a preponderance of the evidence in the case that the plaintiff was guilty of some contributory negligence and that the plaintiff’s fault contributed as a proximate result of any injuries which plaintiff may have sustained, you will not be concerned with the issue as to damages but will return a verdict for the defendant.
If you should find one, that the defendant was not negligent or two, that the defendant was negligent but such negligence was not a proximate cause of any injury or damage sustained by the plaintiff or three, that some contributory negligence of the plaintiff proximately contributed to help cause all the injury or damage of which plaintiff complains, then your verdict should be for the defendant.” (Tr. pp. 263-265) (Emphasis added.)
We find that the omission of the special jury interrogatory was not prejudicial to the plaintiff’s case, as the jury was fully and specifically apprised by the trial court in its charges that the plaintiff’s contributory negligence must be a proximate cause of the accident in. order to find for the defendant. The judgment is therefore affirmed.

AFFIRMED.

. The Court discusses the question in the framework of “proximate cause” and not “duty risk,” as the trial court used that analysis and no objection was raised thereto.

. Plaintiff and friend testified that her car had encroached only three feet into defendant’s oncoming lane and that roadway here was 32 feet wide. Defendant and her mother testified that her car was wholly within her lane and that roadway was only 22 feet and plaintiff encroached onto her lane.